IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PERRY R. BAKER,                          :
                                         :
     Plaintiff,                          :
                                         :
v.                                       :       CIVIL ACTION 08-0049-M
                                         :
MICHAEL J. ASTRUE,                       :
Commissioner of                          :
Social Security,                         :
                                         :
     Defendant.                          :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 15).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636© and Fed.R.Civ.P. 73 (*see* Doc. 20).  Oral argument was heard on December 22, 2008.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further proceedings not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting* *Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative decision, Plaintiff was fifty-two years old, had completed a high school education, and had previous work experience as a cabinet maker and installer (Tr. 24).  In claiming benefits, Plaintiff alleges disability due to degenerative disc disease of the cervical and lumbar spine as well as bilateral shoulder rotator cuff syndrome (Doc. 16).

The Plaintiff filed an application for disability benefits on July 21, 2005 (Tr. 53-55).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Baker was not capable of returning to his past relevant work, he could perform light work (Tr. 16-25).  Plaintiff requested review of the hearing decision (Tr. 10-14) by the Appeals Council, but it was denied (Tr. 3-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Baker alleges that:  (1) The ALJ improperly determined that his bilateral

rotator cuff tendinitis was a non-severe impairment; (2) the ALJ improperly determined Plaintiff's residual functional capacity (hereinafter *RFC*); (3) the ALJ improperly rejected his pain testimony; and (4) the ALJ improperly relied on the Medical-Vocational Guidelines in determining that he was capable of working (Doc. 15).  Defendant has responded to—and denies—these claims (Doc. 17).

Baker claims that the ALJ improperly determined his RFC.[1] The Court notes that the ALJ is responsible for determining a claimant's RFC.  20 C.F.R. § 404.1546 (2008).  The ALJ determined, in this action, that Plaintiff could perform a full range of light work (Tr. 25).  Light work has been defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

---

[1] Because the Court finds merit in this claim, the Court is not going to address Plaintiff's other claims.

20 C.F.R. § 404.1567(b) (2008).

Without going through all of the evidence of record, the Court specifically notes the report by consultative physician Mark B. Ellis, D.O., on November 3, 2005 in which the Doctor, in addition to completing a full exam, performed a range of motion evaluation of Plaintiff's spine and extremities (Tr. 124-30). Ellis indicated that Baker had no limitations in his elbows, forearms, knees, ankles, and wrists, and only minor limitations in his shoulders and hips.[2]  However, in his spine the limitations were more pronounced.  In the cervical spine, Baker lost one-fourth of expected movement in right and left rotation, one-third of extension, and more than half of expected right and left lateral flexion; in the dorsolumbar spine, Plaintiff lost almost one-fourth of expected flexion, one-third of extension, and two-thirds of expected flexion and rotation on both the right and left (Tr. 129).  Dr. Ellis noted that Baker made good effort.

The ALJ reported these findings (Tr. 23), but gave no indication as to what weight he gave this evidence.  In fact, the ALJ failed to indicate, except in one instance, what weight he was giving any of the evidence of record.  The Court notes that the ALJ is required to "state specifically the weight accorded to

---

[2]The exception to this generalization is that Baker had only ten degrees extension in his hips on both the right and left, though thirty degrees is normal (Tr. 130).

each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The Court's concern is that the limitations noted by Dr. Ellis would appear to limit Baker's ability to perform a full range of light work.

In addition to the ALJ's failure in this regard, the one instance where the ALJ did inform the reader of what he was thinking was when he stated that he "must agree with the State agency disability examiner that the claimant can perform light work" (Tr. 24). The State examiner cited Dr. Ellis's report, but did not acknowledge the limitations found by Ellis in Baker's range of motion (Tr. 133; *see generally* Tr. 131-38). In any event, the Court notes that the Eleventh Circuit Court of Appeals has held that the opinion of a non-examining physician[3] "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (*citing Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)).

In this record, there is only one physical capacity evaluation—one which was completed by a non-examiner who failed to consider specific range of motion limitations found by an examining physician. The ALJ specifically credited this report,

---

[3] It appears that the examiner is not even a physician in this instance (*see* Tr. 138).

while failing to state what weight he was giving any other evidence of record.  While the Court acknowledges that the ALJ's ultimate conclusion may be correct, the Court cannot find that that determination is supported by substantial evidence presently.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to what work Baker can perform, if any, with his impairments.  Judgment will be entered by separate Order.

DONE this 23rd day of December, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE